12-4481-cv
Bob Cordell v. The McGraw-Hill Companies, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand thirteen.

PRESENT: ROBERT D. SACK,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
            *Circuit Judges.*

---

BOB CORDELL, on behalf of himself and all others similarly situated,

            *Plaintiff-Appellant,*

            -v.-                                No. 12-4481-cv

THE MCGRAW-HILL COMPANIES, INC.,

            *Defendant-Appellee,*

---

FOR APPELLANT:        GARY S. SNITOW, Milberg LLP (Sanford P.
                      Dumain, Benjamin Y. Kaufman, Milberg LLP;
                      Robert I. Lax, Lax LLP, *on the brief*),
                      New York, NY.

FOR APPELLEES:        DAVID J. SHEEHAN, Baker & Hostetler LLP,
                      New York, NY (Lan Hoang, Baker &
                      Hostetler LLP, New York, NY; Mark I.

Bailen, Baker & Hostetler LLP, Washington, D.C., *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order is **AFFIRMED**.

Plaintiff-Appellant Bob Cordell appeals from the district court's October 23, 2012 dismissal of his case pursuant to Federal Rule of Civil Procedure 12(b)(6). *Cordell v. McGraw-Hill Cos.*, No. 12 Civ. 0637, 2012 WL 5264844 (S.D.N.Y. Oct. 23, 2012). "We review this dismissal *de novo*, accepting all factual allegations in the complaint as true and drawing inferences from those allegations in the light most favorable to the plaintiff." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (quotation marks and alterations omitted). We assume the parties' familiarity with the facts and procedural history of the case.

We affirm for substantially the reasons stated by the district court in its well-reasoned order. We agree with the district court that "a straightforward reading of the foreign royalties provision" – which Cordell admits is unambiguous – "demonstrates that foreign royalty payments can be calculated in one of two ways: either based on sales

to the McGraw-Hill international book division *or* to third parties for use outside the United States." *Cordell*, 2012 WL 5264844, at *3 (emphasis in original) (quotation marks omitted). "[T]he disjunctive clause [] gives McGraw-Hill the option of remitting royalties [solely] from sales to its international division." *Id.* Similarly, the agreement expressly allows McGraw-Hill to sell works to one of its own divisions and to set prices "as it shall deem suitable." Joint App'x 19. Cordell's arguments that McGraw-Hill has breached the agreement by engaging in these actions are unavailing.

The district court was also correct to dismiss Cordell's claim for breach of the implied duty of good faith and fair dealing because "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based on the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002). Had Cordell pleaded any facts showing bad faith, or otherwise supporting his assertion that McGraw-Hill set the prices for his works at improperly low levels, the case might be different, but he did not do so.

We have considered all of Cordell's arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk